IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-cv-04387 |
| | : | |
| G & A SOMERTON PHARMACY LLC, | : | |
| POLINA KHODAK, and | : | |
| INESSA LERNER | : | |
| | : | |
| Defendants. | : | |

**STIPULATED ORDER AND CONSENT JUDGMENT**

This Stipulated Order and Consent Judgment is entered into by and between plaintiff, the

United States of America, acting through the Department of Justice and on behalf of the Office

of Inspector General ("OIG-HHS") of the Department of Health and Human Services ("HHS"),

and defendants G & A Somerton Pharmacy LLC ("Somerton" or "the pharmacy"), its owner

Polina Khodak, and its pharmacist-in-charge, Inessa Lerner (collectively, "defendants").

**PARTIES**

1.      Plaintiff is the United States of America.

2.      Defendants are G & A Somerton Pharmacy LLC, d/b/a/ Somerton Pharmacy

("Somerton" or "the pharmacy"); its owner, Polina Khodak; and the pharmacist-in-charge, Inessa

Lerner (collectively "defendants").

3.      Somerton Pharmacy is a Pennsylvania limited liability company created in 2004

operating at 10806 Bustleton Avenue, Philadelphia, Pennsylvania 19116.

4.      Polina Khodak is an individual and the sole owner of Somerton, residing at 28

Yale Drive, Richboro, Pennsylvania 18954.

5.      Inessa Lerner is an individual and pharmacist registered in Pennsylvania, employed as the pharmacist-in-charge at Somerton from May 2009 to the present. She resides at 49 Bruce Drive, Southampton, Pennsylvania 18966.

6.      At all times relevant, Somerton, Polina Khodak, and Inessa Lerner transacted business within the Eastern District of Pennsylvania.

## RECITALS

7.      OIG-HHS and the United States Attorney's Office for the Eastern District of Pennsylvania investigated claims for reimbursement that defendants submitted or caused to be submitted through Somerton Pharmacy.

8.      Based upon the findings in that investigation, the United States filed a complaint against defendants asserting that between January 1, 2009 and December 31, 2015, defendants violated the False Claims Act, 31 U.S.C. §§ 3729–3733, and the common law by submitting claims for reimbursement to the Medicare Program, Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395–1395kkk-1 ("Medicare") ("the Complaint").

9.      As described more fully in the Complaint, the United States contends that it has certain civil claims against defendants arising from their billing Medicare for prescription medications that were not actually dispensed during the period January 1, 2009 through December 31, 2015. These medications include but are not limited to Lidoderm, Advair Diskus, Omeprazole, Solaraze, Nexium, Donepezil, Novolog, Meclizine, Lidocaine, and Januvia. That conduct is referred to below as the "Covered Conduct."

10.     Defendants agree to accept service of the Complaint.

11.     In order to avoid the delay, uncertainty, inconvenience, and expense of a protracted investigation and litigation of the above claims, the Parties reach a full and final

settlement as set forth below.

## TERMS AND CONDITIONS

12.     NOW, THEREFORE, in consideration of the mutual promises, covenants, and obligations set forth below, and for good and valuable consideration as stated herein, the Parties agree as follows:

    a.     Defendants Somerton and Polina Khodak consent to the entry of judgment against them, jointly and severally, and in favor of the United States of America in the amount of $825,000 ("the Khodak Settlement Amount"), which constitutes penalty and not restitution, plus interest accruing thereon from January 1, 2018, until January 1, 2019 at an annual rate of 2.5% (compounding daily). Interest after January 1, 2019, shall accrue at an annual rate of 3% (compounding daily). Somerton and Polina Khodak shall satisfy the Khodak Settlement Amount as follows:

        i. $250,000 by no later than ten days after the Court enters this Stipulated Order and Consent Judgment by electronic funds transfer pursuant to written instructions to be provided by the United States Attorney's Office for the Eastern District of Pennsylvania;

        ii. Somerton Pharmacy desires to sell its assets to Nazar Ughryn for $120,000. Upon completion of the sale and no later than sixty days after the Court enters this Stipulated Order and Consent Judgment, the $120,000 sale amount will be placed into an escrow account that Todd Henry, Esq., controls and subsequently transferred to the United States pursuant to written instructions to

3

be provided by the United States Attorney's Office for the Eastern District of Pennsylvania. Defendants Somerton and Polina Khodak represent and warrant as a material condition of this Consent Judgment that there has been no other consideration provided to them or their relatives relating to the sale of Somerton to Nazar Ughryn. Defendants further represent and warrant as a material condition of this Consent Judgment that, after the sale of Somerton's assets is consummated, they and their relatives will receive no further benefit from the subsequent pharmacy business nor contribute in any way to its management or operation.

iii. Polina Khodak's son, Allen Khodak, is currently a co-owner of 259 Sydney Road, Holland, PA, along with another family member. As set for the in the attached Exhibit A agreement, Allen Khodak shall transfer his interest in the property to that family member for no less than $250,000, which shall be used to satisfy the Khodak Settlement Amount. Within sixty days after the Court enters this Stipulated Order and Consent Judgment, Somerton and Polina Khodak will make another payment of $250,000 by electronic funds transfer pursuant to written instructions to be provided by the United States Attorney's Office for the Eastern District of Pennsylvania. Should Allen Khodak fail to transfer his interest in the Sydney Road property for no less than $250,000, the United States shall file a consent judgment lien on

4

the property as set forth in the Exhibit A agreement.

iv. Any unpaid remainder of the Khodak Settlement Amount shall be secured via lien on certain real property as set forth herein. The entire Khodak Settlement Amount shall be paid in its entirety by December 21, 2024. In the event that it is not, the United States reserves all rights including without limitation filing a writ of execution.

b.     Defendant Inessa Lerner consents to the entry of judgment against her and in favor of the United States of America in the amount of $456,178.87 ("the Lerner Settlement Amount"), which constitutes penalty and not restitution, plus interest accruing thereon from January 1, 2018, until January 1, 2019 at an annual rate of 2.5% (compounding daily). Interest after January 1, 2019, shall accrue at an annual rate of 3% (compounding daily). Inessa Lerner shall satisfy the Lerner Settlement Amount as follows:

i. $300,000 by no later than ten days after the Court enters this Stipulated Order and Consent Judgment by electronic funds transfer pursuant to written instructions to be provided by the United States Attorney's Office for the Eastern District of Pennsylvania;

ii. Any unpaid remainder of the Lerner Settlement Amount shall be secured via lien on certain real property as set forth herein. The entire Lerner Settlement Amount shall be paid in its entirety by December 21, 2024. In the event that it is not, the United States

5

reserves all rights including without limitation filing a writ of
execution.

13.     The Settlement Amounts are debts to the United States as defined in the Federal
Debt Collection Procedures Act of 1990, 28 U.S.C. §§ 3001–3008, and nothing in this Stipulated
Order and Consent Judgment precludes the United States from taking action to collect the debts
as authorized by law.

14.     Notwithstanding the release given in Paragraph 16 of this Stipulated Order and
Consent Judgment, or any other term of this Stipulated Order and Consent Judgment, OIG-HHS
and Somerton and Polina Khodak agree as follows:

a.     In compromise and settlement of the rights of OIG-HHS to exclude
Somerton and Polina Khodak pursuant to 42 U.S.C. § 1320a-7(b)(7), based upon the
Covered Conduct, Somerton and Polina Khodak each agree to be excluded under this
statutory provision from Medicare, Medicaid, and all other Federal health care programs,
as defined in 42 U.S.C. § 1320a-7b(f), for a period of ten (10) years. The exclusions shall
be effective upon the Effective Date of this Stipulated Order and Consent Judgment.

b.     Such exclusions shall have national effect. Federal health care programs
shall not pay anyone for items or services, including administrative and management
services, furnished, ordered, or prescribed by Somerton or Polina Khodak in any capacity
while Somerton and Polina Khodak are excluded. This payment prohibition applies to
Somerton and Polina Khodak and all other individuals and entities (including, for
example, anyone who employs or contracts with Somerton or Polina Khodak, and any
hospital or other provider where Somerton or Polina Khodak provide services). The
exclusion applies regardless of who submits the claim or other request for payment.

6

Violation of the conditions of the exclusion may result in criminal prosecution, the imposition of civil monetary penalties and assessments, and an additional period of exclusion. Somerton and Polina Khodak further agree to hold the Federal health care programs, and all federal beneficiaries and/or sponsors, harmless from any financial responsibility for items or services furnished, ordered, or prescribed to such beneficiaries or sponsors after the effective date of the exclusion. Somerton and Polina Khodak waive any further notice of the exclusion and agree not to contest such exclusion either administratively or in any state or federal court.

        c.     Reinstatement to program participation is not automatic. If Somerton or Polina Khodak wish to be reinstated, Somerton or Polina Khodak must submit a written request for reinstatement to the OIG in accordance with the provisions of 42 C.F.R. §§ 1001.3001-.3005. Such request may be made to the OIG no earlier than 120 days prior to the expiration of the 10-year period of exclusion. Reinstatement becomes effective upon application by Somerton or Polina Khodak, approval of the application by the OIG, and notice of reinstatement by the OIG. Obtaining another license, moving to another state, or obtaining a provider number from a Medicare contractor, a state agency, or a Federal health care program does not reinstate Somerton's or Polina Khodak's eligibility to participate in these programs.

        15.    Defendants acknowledge that they provided to the United States complete sworn financial disclosure statements, and the United States relied upon the representations therein in reaching this Stipulated Order and Consent Judgment. Defendants warrant that the financial information they provided to the United States is thorough, accurate, complete, and current. Defendants further warrant that they do not own or possess any interest in any assets that they

7

have not disclosed to the United States and that they made no misrepresentations in or in connection with the financial information they have given or will provide. Defendants understand that the discovery of any misrepresentation by defendants in financial information disclosed at any time before or in compliance with the Stipulated Order and Consent Judgment may violate the Stipulated Order and Consent Judgment. If the United States learns of assets in which defendants had an interest at the time of this Stipulated Consent Judgment that were not disclosed in the Financial Statements, or if the United States learns of any misrepresentation by defendants on, or in connection with, the financial disclosure statements, and if such nondisclosure or misrepresentation changes the estimated net worth set forth in the Financial Statements by $10,000 or more, the United States may at its option: (a) seek sanctions for violation of the Court's Order, and (b) collect the full Settlement Amount plus one hundred percent (100%) of the value of the net worth of defendants previously undisclosed. Defendants agree not to contest any collection action undertaken by the United States pursuant to this provision, and immediately to pay the United States all reasonable costs incurred in such an action, including attorney's fees and expenses.

## RELEASE OF CLAIMS

16.     In consideration of full payment of the Consent Judgment plus interest and the other promises and representations in this Stipulated Order and Consent Judgment, and subject to the exceptions below and subject to Paragraphs 27 and 28 below (concerning bankruptcy proceedings commenced within 91 days of the Effective Date of this Stipulated Order and Consent Judgment or any payment made under this Stipulated Order and Consent Judgment), the United States releases defendants Somerton, Polina Khodak, and Inessa Lerner from any civil or administrative monetary claim the United States has for the Covered Conduct under the False

8

Claims Act, 31 U.S.C. §§ 3729–3733; the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a;
the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801–3812; or the common law theories of
payment by mistake, unjust enrichment, and fraud.

      17.    In consideration of Inessa Lerner's obligations in this Stipulated Order and
Consent Judgment and the Integrity Agreement ("IA") entered into between OIG-HHS and
Inessa Lerner, and conditioned upon Inessa Lerner's full payment of the Lerner Settlement
Amount plus interest, the OIG-HHS agrees to release and refrain from instituting, directing, or
maintaining any administrative action seeking exclusion from Medicare, Medicaid, and other
Federal health care programs (as defined in 42 U.S.C. § 1320a-7b(f)) against Inessa Lerner under
42 U.S.C. § 1320a-7a (Civil Monetary Penalties Law) or 42 U.S.C. § 1320a-7(b)(7) (permissive
exclusion for fraud, kickbacks, and other prohibited activities) for the Covered Conduct, except
as reserved in this Paragraph and in Paragraph 23 (concerning excluded claims), below. The
OIG-HHS expressly reserves all rights to comply with any statutory obligations to exclude
Inessa Lerner from Medicare, Medicaid, and other Federal health care programs under 42 U.S.C.
§ 1320a-7(a) (mandatory exclusion) based upon the Covered Conduct. Nothing in this Paragraph
precludes the OIG-HHS from taking action against entities or persons, or for conduct and
practices, for which claims have been reserved in Paragraph 23, below.

      18.    Defendants' obligations to pay the full value of the Khodak Settlement Amount
and the Lerner Settlement Amount, including interest owed, shall be secured by a consent
judgment lien on Polina Khodak's property listed in the attached Exhibit A Agreement and on
Inessa Lerner's property listed in the attached Exhibit B Agreement. The defendants: (a)
consent to the United States filing a praecipe to enter judgment with the appropriate court to
which defendants agree not to contest; (b) defendants agree not to take the position that their

9

spouses or children have any legally effective interest in any property superior to the United States' priority interest in the equity value of property; (c) agree to execute, along with their spouses and appropriate relatives, the attached Exhibit "A" and Exhibit "B" agreements; and (d) agree to maintain the properties in good condition until defendants have made full payment of the Settlement Amount plus interest. If defendants sell any of the properties, they must use (and they here agree to use) the proceeds of any such sale first to pay in full the outstanding portion and value of the Settlement Amount. "Proceeds" is defined as the gross proceeds received from the sale of the property, minus the costs of sale, and prior to the payment of any other mortgages, liens, or judgments filed against the property. Defendants must not encumber (and they hereby agree not to encumber) any of the properties except only to pay the outstanding portion and value of the Settlement Amount.

19.     The United States will record this Consent Judgment and the defendants agree not to contest that filing and also consent to a judgment lien against the properties described below to secure payment of the Khodak and Lerner Settlement Amounts respectively, and interest thereto. The proceeds from the sale of any real estate in which any defendant has an interest may be used to satisfy a portion or all of that defendant's Settlement Amount and interest thereto. Proceeds is defined as the gross proceeds received from the sale of the property, minus the costs of sale, and prior to the payment of any other mortgages, liens, or judgments filed against the property.

20.     Should any defendant fail to comply with the terms set forth above — including the payment required to be made within ten days of the entry of this consent judgment — they will be deemed in default of their payment obligations ("Default"). In that event, the United States will provide Notice of Default to defendants. Notice shall be sufficient upon mailing by first-class mail to the undersigned counsel for the respective defendant. The defaulting

10

defendant shall have seven days to cure the Default from the date of the mailing of the notice. In the event the Default is not cured:

a. The remaining unpaid balance of the judgment shall immediately become due and payable, and interest shall accrue at the rate of 12% per annum compounded daily from the date of Default on the remaining unpaid total value (principal and interest balance). The United States may proceed with administrative and judicial remedies to enforce this judgment debt, upon notice to defendants. Notice shall be sufficient upon mailing by first class mail, postage prepaid, to counsel, or to any new address provided as allowed for herein.

b. The United States, at its sole option, may offset the remaining unpaid Settlement Amount balances/values from any amounts due and owing to the respective defendants by any department, agency, or agent of the United States.

c. The United States may declare this Stipulated Order and Consent Judgment violated and proceed against defendants for enforcement through the Court, including contempt remedies.

d. The United States may file an action for specific performance of the terms of this Stipulated Order and Consent Judgment.

e. The United States may exercise any other right granted by law or recognizable at common law or equity; and

f. In the event the United States prevails in seeking to enforce any term of this Stipulated Order and Consent Judgment, the United States shall be entitled to an award of attorney's fees and costs in its favor and against defendants for the time spent in prosecuting such action.

11

21.     In the event of such Default as defined in Paragraph 20 by Somerton and Polina Khodak, OIG-HHS may exclude Somerton and Polina Khodak from participating in all Federal health care programs until Somerton and Polina Khodak pay the Khodak Lerner Settlement Amount and reasonable costs as set forth in Paragraph 20, above. OIG-HHS will provide written notice of any such exclusion to Somerton and Polina Khodak. Somerton and Polina Khodak waive any further notice of the exclusion under 42 U.S.C. § 1320a-7(b)(7), and agree not to contest such exclusion either administratively or in any state or federal court. Reinstatement to program participation is not automatic. If at the end of the period of exclusion Somerton and Polina Khodak wish to apply for reinstatement, Somerton and Polina Khodak must submit a written request for reinstatement to OIG-HHS in accordance with the provisions of 42 C.F.R. §§ 1001.3001–3005. Somerton and Polina Khodak will not be reinstated unless and until OIG-HHS approves such request for reinstatement.

22.     In the event of such Default as defined in Paragraph 20 by Inessa Lerner, OIG-HHS may exclude Inessa Lerner from participating in all Federal health care programs until Inessa Lerner pays the Inessa Lerner Settlement Amount and reasonable costs as set forth in Paragraph 20, above. OIG-HHS will provide written notice of any such exclusion to Inessa Lerner. Inessa Lerner waives any further notice of the exclusion under 42 U.S.C. § 1320a-7(b)(7), and agrees not to contest such exclusion either administratively or in any state or federal court. Reinstatement to program participation is not automatic. If at the end of the period of exclusion Inessa Lerner wishes to apply for reinstatement, Inessa Lerner must submit a written request for reinstatement to OIG-HHS in accordance with the provisions of 42 C.F.R. §§ 1001.3001–3005. Inessa Lerner will not be reinstated unless and until OIG-HHS approves such request for reinstatement.

23.     Notwithstanding the releases given in Paragraphs 16 and 17 of this Stipulated Order and Consent Judgment, or any other term of this Stipulated Order and Consent Judgment, the following claims of the United States are specifically reserved and not released:

a.      Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

b.      Any criminal liability;

c.      Except as explicitly stated in this Stipulated Order and Consent Judgment, any administrative liability, including mandatory or permissive exclusion from Federal health care programs;

d.      Any liability to the United States (or its agencies) for any conduct other than that related to the Covered Conduct;

e.      Any liability based on a failure to deliver items or services, except as set forth in the Covered Conduct;

f.      Any liability based upon obligations that this Consent Order and Judgment creates; and

g.      Any liability for personal injury or property damage or other consequential damages arising from the Covered Conduct.

24.     Defendants waive and shall not assert any defenses they may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Stipulated Order and Consent Judgment bars a remedy sought in such criminal prosecution or administrative action.

13

25.     Defendants fully and finally release the United States, its agencies, officers, agents, employees, and servants, from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) that defendants have asserted, could have asserted, or may assert in the future against the United States, and its agencies, officers, agents, employees, and servants related to the Covered Conduct and the United States' investigation and prosecution thereof.

26.     The Settlement Amounts plus interest shall not be decreased as a result of the denial of claims for payment now being withheld from payment by any Medicare contractor (*e.g.*, Medicare Administrative Contractor, fiscal intermediary, carrier) related to the Covered Conduct; and defendants agree not to resubmit to any Medicare contractor any previously denied claims related to the Covered Conduct, agree not to appeal any such denials of claims, and agree to withdraw any such pending appeals.

27.     Defendants agree to the following:

   a.     Unallowable Costs Defined: All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47; and in Titles XVIII and XIX of the Social Security Act, 42 U.S.C. §§ 1395–1395kkk-1 and 1396–1396w-5; and the regulations and official program directives promulgated thereunder) incurred by or on behalf of the defendants, their present or former officers, directors, employees, shareholders, and agents in connection with:

> i.  the matters covered by this Stipulated Order and Consent Judgment;
>
> ii. the United States' audit and civil investigation of the matters covered by this Stipulated Order and Consent Judgment;

14

        iii.  the defendants' investigation, defense, and corrective actions

undertaken in response to the United States' audit and civil

investigation in connection with the matters covered by this

Stipulated Order and Consent Judgment (including attorney's

fees);

        iv.  the negotiation and performance of this Stipulated Order and

Consent Judgment;

        v.  the payment the defendants make to the United States pursuant to

this Stipulated Order and Consent Judgment; and

        vi.  with regard to Inessa Lerner's IA, the negotiation of, and

obligations undertaken pursuant to the IA to: (i) retain an

independent review organization to perform annual reviews as

described in the IA; and (ii) prepare and submit reports to the OIG-

HHS,

are unallowable costs for government contracting purposes and under the Medicare

Program, Medicaid Program, TRICARE Program, and Federal Employees Health

Benefits Program (FEHBP) (hereinafter referred to as Unallowable Costs). However,

nothing in Paragraph (27)(a)(vi) above that may apply to the obligations undertaken

pursuant to the IA affects the status of costs that are not allowable based on any other

authority applicable to the defendants.

        b.      Future Treatment of Unallowable Costs: Unallowable Costs shall be

separately determined and accounted for by defendants, and defendants shall not charge

such Unallowable Costs directly or indirectly to any contracts with the United States or

any State Medicaid program, or seek payment for such Unallowable Costs through any cost report, cost statement, information statement, or payment request submitted by defendants or any of its subsidiaries or affiliates to the Medicare, Medicaid, TRICARE, or FEHBP Programs.

      c.    Treatment of Unallowable Costs Previously Submitted for Payment: defendants further agree that, within 90 days of the Effective Date of this Stipulated Order and Consent Judgment, they shall identify to applicable Medicare and TRICARE fiscal intermediaries, carriers, and/or contractors, and Medicaid and FEHBP fiscal agents, any Unallowable Costs (as defined in this Paragraph) included in payments previously sought from the United States, or any State Medicaid program, including, but not limited to, payments sought in any cost reports, cost statements, information reports, or payment requests already submitted by any defendant or any of their subsidiaries or affiliates, and shall request, and agree, that such cost reports, cost statements, information reports, or payment requests, even if already settled, be adjusted to account for the effect of the inclusion of the unallowable costs.  Defendants agree that the United States, at a minimum, shall be entitled to recoup from defendants any overpayment plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs on previously-submitted cost reports, information reports, cost statements, or requests for payment.

      Any payments due after the adjustments have been made shall be paid to the United States pursuant to the direction of the Department of Justice and/or the affected agencies.  The United States reserves its rights to disagree with any calculations submitted by defendants or any of their subsidiaries or affiliates on the effect of inclusion

of Unallowable Costs (as defined in this Paragraph) on defendants or any of their
subsidiaries or affiliates' cost reports, cost statements, or information reports.

      d.     Nothing in this Stipulated Order and Consent Judgment shall constitute a
waiver of the rights of the United States to audit, examine, or re-examine defendants'
books and records to determine that no Unallowable Costs have been claimed in
accordance with the provisions of this Paragraph.

## BANKRUPTCY PROVISIONS

28.     Defendants warrant that they have reviewed their financial situations and that they
currently are solvent within the meaning of 11 U.S.C. §§ 547(b)(3) and 548(a)(1)(B)(ii)(I), and
shall remain solvent following payment to the United States of the Settlement Amount. Further,
the defendants warrant that, in evaluating whether to execute this Stipulated Order and Consent
Judgment, they have: (a) intended that the mutual promises, covenants, and obligations set forth
constitute a contemporaneous exchange for new value given to defendants within the meaning of
11 U.S.C. § 547(c)(1); and (b) concluded that these mutual promises, covenants, and obligations
constitute such a contemporaneous exchange. Further, defendants warrant that the mutual
promises, covenants, and obligations set forth herein are intended to and do, in fact, represent a
reasonably equivalent exchange of value that is not intended to hinder, delay, or defraud any
entity to which defendants were or became indebted to on or after the date of this transfer, within
the meaning of 11 U.S.C. § 548(a)(1).

29.     If before defendants have made all required payments under this Stipulated Order
and Consent Judgment, any defendant or third party commences a case, proceeding, or other
action under any law relating to bankruptcy, insolvency, reorganization, or relief of debtors: (a)
seeking to have any order for relief of any defendant's debts, or seeking to adjudicate any

17

defendant as bankrupt or insolvent; or (b) seeking appointment by a receiver, trustee, custodian, or other similar official for any defendant, or for all or any substantial part of any defendant's assets, defendants agree as follows:

      a.     Defendants' obligations under this Stipulated Order and Consent Judgment may not be avoided pursuant to 11 U.S.C. § 547, and defendants shall not argue or otherwise take the position in any such case, proceeding, or action that:

        i.  any defendant's obligations under this Stipulated Order and Consent Judgment may be avoided under 11 U.S.C. § 547;

        ii.  any defendant was insolvent at the time the Court entered this Stipulated Order and Consent Judgment, or became insolvent as a result of any payment made to the United States; or

        iii.  the mutual promises, covenants, and obligations set forth in this Stipulated Order and Consent Judgment do not constitute a contemporaneous exchange for new value given to any defendant.

      b.     Defendants' obligations under this Stipulated Order and Consent Judgment are non-dischargeable under 11 U.S.C. § 523(a)(2) and 11 U.S.C. § 1141(d)(6)(A), regardless of whether or not the United States timely files an adversary complaint to establish a claim under 11 U.S.C. § 523(c)(1).

      c.     If any defendant's obligations under this Stipulated Order and Consent Judgment are avoided for any reason, including, but not limited to, through the exercise of a trustee's avoidance powers under the Bankruptcy Code, the United States, at its sole option and upon notice to the Court, may rescind the releases contained within Paragraphs 16 and 17 of this Stipulated Order and Consent Judgment and may bring any

18

civil and/or administrative claim, action, or proceeding against defendants for the claims that would otherwise be covered by the releases provided herein.

     i.  Any such claims, actions, or proceedings brought by the United States are not subject to an "automatic stay" pursuant to 11 U.S.C. § 362(a) as a result of the action, case, or proceedings described in this subparagraph, and defendants or a related party shall not argue or otherwise contend that the United States' claims, actions, or proceedings are subject to an automatic stay;

    ii.  Defendants or a related party shall not plead, argue, or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any such civil or administrative claims, actions, or proceeding that are brought by the United States; and

   iii.  Any such claims against defendants are valid in the full amount of all federal funds used, trebled, plus the statutory maximum penalty for each claim submitted or caused to be submitted to the United States by defendants, and the United States may pursue its claims against defendants in the complaint as well as in any other case, action, or proceeding.

## MISCELLANEOUS PROVISIONS

30.    Except as expressly stated herein, this Stipulated Order and Consent Judgment expresses full and complete settlement of liabilities claimed.

31. This Stipulated Order and Consent Judgment is intended to be for the benefit of defendants only. Defendants do not release any claims against any other person or entity, except to the extent provided for in Paragraph 32 (waiver for beneficiaries), below.

32. Defendants agree that they waive and shall not seek payment for any of the health care billings covered by this Stipulated Order and Consent Judgment from any health care beneficiaries or their parents, sponsors, legally responsible individuals, or third party payors based upon the claims defined as Covered Conduct.

33. Each party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Stipulated Order and Consent Judgment.

34. The agreements contained within this Stipulated Order and Consent Judgment constitute a complete description of the defendants' bargain. Defendants acknowledge that they entered into this Stipulated Order and Consent Judgment voluntarily in order to avoid litigation, without any degree of duress or compulsion, and upon advice of legal counsel.

35. The undersigned counsel represent and warrant that they are fully authorized to execute this Stipulated Order and Consent Judgment on behalf of the persons and entities indicated below.

36. The Office of the Inspector General of the United States Department of Health and Human Services may exercise its enforcement authority independent of any remedies that may be available under this Stipulated Order and Consent Judgment.

37. This Stipulated Order and Consent Judgment shall bind defendants' heirs, administrators, executors, successors, and transferees.

38. The parties agree that the terms of this Stipulated Order and Consent Judgment

20

are in the public interest and fair, adequate, and reasonable under all the circumstances.

39.     The parties may execute this Stipulated Order and Consent Judgment in counterparts. Facsimiles of signatures shall be acceptable and binding.

40.     All agreements contained within this Stipulated Order and Consent Judgment are contingent upon the Court's approval and entry on the case docket.

41.     All parties consent to the United States' disclosure of this Stipulated Order and Consent Judgment, and information about this Stipulated Order and Consent Judgment, to the public.

42.     This Stipulated Order and Consent Judgment is effective on the date the Court enters this Stipulated Order and Consent Judgment (Effective Date).

43.     The exclusive jurisdiction and venue for any dispute relating to this Stipulated Order and Consent Judgment is the United States District Court for the Eastern District of Pennsylvania. The United States District Court for the Eastern District of Pennsylvania shall retain jurisdiction in this case to enforce the terms of this Stipulated Order and Consent Judgment.

SO ORDERED, this _____ day of _____, _____.

BY THE COURT:

_____
United States District Judge

21

**BY:**                                         **THE UNITED STATES OF AMERICA**

for     WILLIAM M. McSWAIN
        United States Attorney


        GREGORY B. DAVID
        Assistant United States Attorney
        Chief, Civil Division


        DEBORAH W. FREY
        Assistant United States Attorney
        615 Chestnut Street, Suite 1250
        Philadelphia, PA 19106

        *Attorneys for the United States of America*


Dated:  9 | 2 3 | 19


**BY:**                                         **OFFICE OF INSPECTOR GENERAL,**
                                                **DEPARTMENT OF THE DEPARTMENT**
                                                **OF HEALTH AND HUMAN SERVICES**



Dated:                                          _____
                                                LISA M. RE
                                                Assistant Inspector General for Legal Affairs
                                                Office of Counsel to the Inspector General
                                                Office of Inspector General
                                                United States Department of Health and
                                                  Human Services

**BY:**                                        **THE UNITED STATES OF AMERICA**

_____

WILLIAM M. McSWAIN
United States Attorney


_____

GREGORY B. DAVID
Assistant United States Attorney
Chief, Civil Division


_____

DEBORAH W. FREY
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

*Attorneys for the United States of America*


Dated:


**BY:**                                        **OFFICE OF INSPECTOR GENERAL,
DEPARTMENT OF THE DEPARTMENT
OF HEALTH AND HUMAN SERVICES**


Dated: July 31, 2019

_____
LISA M. RE
Assistant Inspector General for Legal Affairs
Office of Counsel to the Inspector General
Office of Inspector General
United States Department of Health and
 Human Services


22

BY:
                                 **SOMERTON PHARMACY,**
                                 **POLINA KHODAK, AND**
                                 **INESSA LERNER**

Dated:

                                 SOMERTON PHARMACY
                                 Polina Khodak, Owner

Dated:

                                 POLINA KHODAK

Dated:

                                 Todd Henry, Esq.
                                 *Attorney for Somerton and Polina Khodak*

Dated:

INESSA LERNER

Dated: 5/10/19

Andrew D. Montroy
*Attorney for Inessa Lerner*

## EXHIBIT A AGREEMENT

This agreement ("the Exhibit A Agreement") is entered into by the United States of America, Polina Khodak, Alex Khodak, Peter Khodak, and Allen Khodak. The Exhibit A Agreement adopts the definitions and recitals made within the Stipulated Order and Consent Judgment.

WHEREAS, as provided in paragraphs 20-21 of the Stipulated Order and Consent Judgment, the United States shall file a judgment lien with the consent of the defendants to secure payment of the Settlement Amount plus interest. Further, the United States may use the proceeds from the sale of any real estate in which any of the parties to this Exhibit A Agreement have an interest to satisfy a portion or all of the Settlement Amount plus interest. Proceeds is defined as the gross proceeds received from the sale of the property, minus the costs of sale, and prior to the payment of any other mortgages, liens, or judgments filed against the property.

WHEREAS, as to Polina and Allen Khodak, this includes the following properties:

| Property | Owners |
|---|---|
| 1525-B Stoney Lane, Philadelphia, PA | Peter Khodak |
| 5545 Mathews Street, Philadelphia, PA | Allen Khodak |
| 259 Sydney Road, Holland, PA | Allen Khodak |

Allen Khodak is currently a co-owner of 259 Sydney Road, Holland, PA, along with another family member. As required under the Stipulated Order and Consent Judgment, Allen Khodak shall transfer his interest in the property to that family member for no less than $250,000, which shall be used to satisfy the Khodak Settlement Amount. Should Allen Khodak fail to transfer his interest in the Sydney Road property for no less than $250,000, the United

25

States shall file a consent judgment lien on the property.

NOW, THEREFORE, IN CONSIDERATION of the mutual promises contained in the Stipulated Order and Consent Judgment, and for other good and valuable consideration, the receipt of which the undersigned hereby acknowledge, Polina Khodak, Alex Khodak, Peter Khodak, and Allen Khodak and the United States agree as follows:

1.      The United States shall record and Polina Khodak, Alex Khodak, Peter Khodak, and Allen Khodak consent to a judgment lien against any of the Exhibit A Agreement properties to secure payment of the Settlement Amount plus interest.

2.      The proceeds from the sale of any real estate listed above may be used to satisfy a portion or all of the Settlement Amount plus interest.

3.      The proceeds from the sale of any Exhibit A properties in which Polina Khodak, Alex Khodak, Peter Khodak, or Allen Khodak have an interest may be used to satisfy a portion or all of Settlement Amount plus interest.

4.      Polina Khodak, Alex Khodak, Peter Khodak, and Allen Khodak agree to maintain these properties in good condition until the defendants have made full payment of the Settlement Amount plus interest.

5.      Polina Khodak, Alex Khodak, Peter Khodak, and Allen Khodak also agree that they will not encumber these properties (including without limitation through an additional mortgage, home equity loan, home equity line of credit, reverse mortgage, *etc*.) except only to pay the outstanding portion and value of the Settlement Amount plus interest.

6.      The laws of the United States govern this Exhibit A Agreement. Polina Khodak, Alex Khodak, Peter Khodak, and Allen Khodak and the United States agree that the exclusive

26

jurisdiction and venue for any dispute arising between and among them under this Exhibit A Agreement will be the United States District Court for the Eastern District of Pennsylvania.

7.      The Exhibit A Agreement may not be amended or modified unless mutually agreed upon in writing by each of the parties to this Exhibit A Agreement, and no waiver will be effective unless signed by all of the below parties.

8.      This Exhibit A Agreement may be executed in any number of counterparts. Each counterpart is an original, but the counterparts together are a single instrument. Upon the exchange of all counterparts, the Exhibit A Agreement is binding on each of the undersigned.

IN WITNESS WHEREOF, Polina Khodak, Alex Khodak, Peter Khodak, and Allen

Khodak and the United States have executed this Exhibit A Agreement as dated below.

**BY:**                                    **THE UNITED STATES OF AMERICA**

 

WILLIAM M. McSWAIN
United States Attorney

 

GREGORY B. DAVID
Assistant United States Attorney
Chief, Civil Division

 

DEBORAH W. FREY
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

*Attorneys for the United States of America*

Dated:

28

BY:                                    **POLINA KHODAK, ALEX KHODAK,**
                                       **PETER KHODAK, AND ALLEN**
                                       **KHODAK**


Dated:                                 _____

                                       POLINA KHODAK


Dated:                                 _____

                                       ALEX KHODAK


Dated:                                 _____

                                       PETER KHODAK


Dated:                                 _____

                                       ALLEN KHODAK


Dated:                                 _____

                                       Todd Henry, Esq.
                                       *Attorney for Somerton and Polina Khodak*

## EXHIBIT B AGREEMENT

This agreement ("the Exhibit B Agreement") is entered into by the United States of America, Inessa Lerner, Alex Lerner, and Boris Giverts. The Exhibit B Agreement adopts the definitions and recitals made within the Stipulated Order and Consent Judgment.

WHEREAS, as provided in paragraphs 20-21 of the Stipulated Order and Consent Judgment, the United States shall assert a judgment lien with the consent of the defendants to secure payment of the Settlement Amount plus interest. Further, the United States may use the proceeds from the sale of any real estate in which any of the parties to this Exhibit B Agreement have an interest to satisfy a portion or all of the Settlement Amount plus interest. Proceeds is defined as the gross proceeds received from the sale of the property, minus the costs of sale, and prior to the payment of any other mortgages, liens, or judgments filed against the property.

WHEREAS, as to Inessa Lerner, this includes the following properties:

| Property | Owners |
|----------|--------|
| 49 Bruce Dr., Southampton PA | Inessa and Alex Lerner |
| 441 Tomlinson Rd unit h-5, Philadelphia PA | Inessa Lerner, Alex Lerner, and Boris Giverts |

NOW, THEREFORE, IN CONSIDERATION of the mutual promises contained in the Stipulated Order and Consent Judgment, and for other good and valuable consideration, the receipt of which the undersigned hereby acknowledge, Inessa Lerner, Alex Lerner, Boris Giverts, and the United States agree as follows:

1.      The United States shall record and Inessa Lerner, Alex Lerner, Boris Giverts consent to a judgment lien against any of the Exhibit B Agreement properties to secure payment of the Settlement Amount plus interest.

30

2.      The proceeds from the sale of any real estate listed above may be used to satisfy a portion or all of the Settlement Amount plus interest.

3.      The proceeds from the sale of any real estate in which Inessa Lerner, Alex Lerner, and Boris Giverts have an interest may be used to satisfy a portion or all of Settlement Amount plus interest.

4.      Inessa Lerner, Alex Lerner, and Boris Giverts agree to maintain these properties in good condition until the defendants have made full payment of the Settlement Amount plus interest.

5.      Inessa Lerner, Alex Lerner, and Boris Giverts also agree that they will not encumber these properties (including without limitation through an additional mortgage, home equity loan, home equity line of credit, reverse mortgage, *etc.*), except only to pay the outstanding portion and value of the Settlement Amount plus interest.

6.      The laws of the United States govern this Exhibit B Agreement. Inessa Lerner, Alex Lerner, Boris Giverts, and the United States agree that the exclusive jurisdiction and venue for any dispute arising between and among them under this Exhibit B Agreement will be the United States District Court for the Eastern District of Pennsylvania.

7.      The Exhibit B Agreement may not be amended or modified unless mutually agreed upon in writing by each of the parties to this Exhibit B Agreement, and no waiver will be effective unless signed by all of the below parties.

8.      This Exhibit B Agreement may be executed in any number of counterparts. Each counterpart is an original, but the counterparts together are a single instrument. Upon the exchange of all counterparts, the Exhibit B agreement is binding on each of the undersigned. IN WITNESS WHEREOF, Inessa Lerner, Alex Lerner, Boris Giverts, and the United States

31

have executed this Exhibit B Agreement as dated below.

**BY:**                                         **THE UNITED STATES OF AMERICA**

WILLIAM M. McSWAIN
United States Attorney

GREGORY B. DAVID
Assistant United States Attorney
Chief, Civil Division

DEBORAH W. FREY
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

*Attorneys for the United States of America*

Dated:

Dated:

INESSA LERNER

Dated:

ALEX LERNER

Dated:

BORIS GIVERTS

Dated: 5/10/9

Andrew D. Montroy
*Attorney for Inessa Lerner*

Supplement Agreement A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | . |
| | : | |
| v. | : | CIVIL ACTION NO. 19-cv-04387 |
| | : | |
| G & A SOMERTON PHARMACY LLC, | : | |
| POLINA KHODAK, and | : | |
| INESSA LERNER | : | |
| | : | |
| Defendants. | : | |

## SUPPLEMENTAL AGREEMENT TO THE
## STIPULATED ORDER AND CONSENT JUDGMENT

This agreement ("the Supplemental Agreement") supplements the Stipulated Order and

Consent Judgment attached hereto as Exhibit 1. It is entered into by and between plaintiff

United States and defendant Polina Khodak. The Supplemental Agreement adopts the

definitions of the Stipulated Order and Consent Judgment.

WHEREAS, while the parties were in discussion as to possible resolution, Polina Khodak

transferred three properties ("the Properties") for nominal value to her adult sons as follows:

| Property | Transferred to: |
|---|---|
| 1525-B Stoney Lane, Philadelphia, PA | Peter Khodak |
| 5545 Matthews Street, Philadelphia, PA | Allen Khodak |
| 259 Sydney Road, Holland, PA | Allen Khodak |

WHEREAS, the United States contends that the transfer of the Properties to Peter and Allen Khodak were fraudulent conveyances designed to avoid debts owed to the United States specific to the Covered Conduct.

NOW, THEREFORE, in consideration of the mutual promises, covenants, and obligations set forth below and in the Stipulated Order and Consent Judgment, and for good and valuable consideration as stated herein and in the Stipulated Order and Consent Judgment, the United States and Polina Khodak agree as follows:

1.      Prior to the Court entering the Stipulated Consent Judgment as an Order, with the United States' consent, Polina Khodak arranged for the title to the Properties to be transferred back into her own name.

2.      As to the Sydney Road property, prior to the Court entering the Stipulated Consent Judgment, with the United States' consent, Polina Khodak sold her interest in the property allowing her to place $250,000 into escrow for purposes of satisfying the Khodak Settlement Amount. Within 7 days of the Court entering the Stipulated Consent Judgment, Polina Khodak will make an electronic funds transfer of that $250,000 pursuant to written instructions to be provided by the United States Attorney's Office for the Eastern District of Pennsylvania.

3.      Within six months of the Court entering the Consent Order and Stipulated Judgment, Polina Khodak will either sell her or refinance her interest in the Stoney Lane property such that she will be able to make a $135,000 payment to the United States. Immediately thereafter, Polina Khodak will send $135,000 by electronic funds transfer pursuant to written instructions to be provided by the United States Attorney's Office for the Eastern District of Pennsylvania. In consideration for Polina Khodak doing so, the United States will not

file a judgment lien on the properties unless the payments is not made within six months after
entry of the Stipulated Consent Judgment.

4.　　Within six months of the Court entering the Consent Order and Stipulated
Judgment, Polina Khodak will either sell or refinance her interest in the Matthew Street property
such that she will be able to make a $28,000 payment to the United States. Immediately
thereafter, Polina Khodak will send $28,000 by electronic funds transfer pursuant to written
instructions to be provided by the United States Attorney's Office for the Eastern District of
Pennsylvania. In consideration for Polina Khodak doing so, the United States will not file a
judgment lien on the property unless the payment is not made within  sixty days after entry of the
Stipulated Consent Judgment.

5.　　Should Polina Khodak fail to use the equity in the Properties to satisfy the
remaining Khodak Settlement Amount plus interest, the United States shall file judgment liens
against the Properties and Polina Khodak agrees to consent to those liens and will not challenge
them.

6.　　Polina Khodak remains bound by her promises as set forth in the Exhibit A
Agreement including without limitation:

> a. She will not encumber the Properties (including without limitation through an
> additional mortgage, home equity loan, home equity line of credit, reverse
> mortgage, *etc.*) except only to pay the outstanding portion and value of the
> Khodak Settlement Amount plus interest.

> b. She will maintain the Properties in good condition until the defendants have made
> full payment of the Khodak Settlement Amount plus interest.

7.     In the event that title to the Properties is not transferred from Allen and/or Peter Khodak to Polina Khodak, the United States may bring a complaint for fraudulent transfer.  In the event the United States brings such a suit, Polina Khodak agrees not to contest and admits that the transfer of the Properties constituted fraudulent conveyances under 28 U.S.C. § 3304.

BY:                                    THE UNITED STATES OF AMERICA

                                       WILLIAM M. McSWAIN
                                       United States Attorney


                                       GREGORY B. DAVID
                                       Assistant United States Attorney
                                       Chief, Civil Division


                                       DEBORAH W. FREY
                                       Assistant United States Attorney
                                       615 Chestnut Street, Suite 1250
                                       Philadelphia, PA 19106

                                       *Attorneys for the United States of America*


Dated:   9|23|19

BY:

SOMERTON PHARMACY,
POLINA KHODAK

Dated: 5/21/19

POLINA KHODAK

Dated: 5/31/19

Todd Henry, Esq.
*Attorney for Polina Khodak*

Supplement Agreement B

Exhibit B

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THE UNITED STATES OF AMERICA,        :

                                     :

            Plaintiff,               :

                                     :

      v.                             :        CIVIL ACTION NO.   19-cv-04387

                                     :

G & A SOMERTON PHARMACY LLC,         :

POLINA KHODAK, and                   :

INESSA LERNER                        :

                                     :

            Defendants.              :

## SUPPLEMENT AGREEMENT TO THE
## STIPULATED ORDER AND CONSENT JUDGMENT

This agreement ("the Supplemental Agreement") supplements the Stipulated Order and Consent Judgment attached hereto as Exhibit 1. It is entered into by and between plaintiff United States and defendant Inessa Lerner. The Supplemental Agreement adopts the definitions of the Stipulated Order and Consent Judgment.

WHEREAS, Inessa Lerner and her father, Boris Giverts, co-own 441 Tomlinson Road, Unit H-5, Philadelphia, PA.

NOW, THEREFORE, in consideration of the mutual promises, covenants, and obligations set forth below and in the Stipulated Order and Consent Judgment, and for good and valuable consideration as stated herein and in the Stipulated Order and Consent Judgment, the United States and Inessa Lerner agree as follows:

1. Within sixty days of the Court's entry of the Stipulated Consent Judgment, Inessa Lerner shall sell her interest in the Tomlinson Road property. Immediately thereafter, Inessa Lerner will send $40,000 by electronic funds transfer pursuant to written instructions to be provided by the United States Attorney's Office for the Eastern District of Pennsylvania.

2. In consideration for Inessa Lerner doing so, the United States will not file a judgment lien on the Tomlinson Road property unless the $40,000 payment is not made within sixty days after entry of the Stipulated Consent Judgment.

BY:                              THE UNITED STATES OF
AMERICA

                                 WILLIAM M. McSWAIN

                                 United States Attorney

                                 GREGORY B. DAVID

Assistant United States Attorney

Chief, Civil Division

DEBORAH W. FREY

Assistant United States Attorney

615 Chestnut Street, Suite 1250

Philadelphia, PA 19106

*Attorneys for the United States of America*

Dated:

Dated: 5/19/19

INESSA LERNER

Dated: 5/22/19

Andrew D. Montroy

*Attorney for Inessa Lerner*